UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT THOMAS,

      Plaintiff,

v.                                    Case No: 2:16-cv-181-FtM-29MRM

BILL   PRUMMELL   and   DONNA
GEYER,

      Defendants.

_____

## <u>ORDER OF DISMISSAL</u>

Plaintiff initiated this case by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper. (Doc. 1; Doc. 2, Filed March 7, 2016). At the time of filing, Plaintiff was a prisoner at the Charlotte County Jail in Punta Gorda, Florida. On March 9, 2016, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because he failed to truthfully disclose all of his prior federal cases, as required on the complaint form (Doc. 3). Plaintiff responded to the order to show cause (Doc. 7).

Plaintiff executed his civil rights complaint form under penalty of perjury (Doc. 1). Plaintiff was questioned on page two the complaint whether he had "initiated other actions in <u>federal court</u> dealing with the same or similar facts/issues involved in

this action or otherwise relating to your imprisonment or conditions thereof?" Plaintiff checked "no." Id. at 2. Plaintiff was also asked to list any case filed in federal court dismissed for failure to state a claim upon which relief may be granted. Id. at 2-3. Plaintiff listed no cases. The Court, however, discovered that Plaintiff filed case number 2:12-cv-456-FTM-UADNF in this Court in which he raised claims against employees of the Charlotte County Jail. This former case was dismissed for failure to state a claim upon which relief could be granted.

Plaintiff now urges that he should not be subject to any sanction for his dishonesty because he acknowledged the error in his response to the Court's order to show cause and because he believes the claims raised in his complaint are meritorious (Doc. 7). The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been raised in prior litigation. Identification

of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

In the absence of any legitimate basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. Feb. 10, 2011).[1]  In Redmon, the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he misunderstood the form, but the Court held that the district court had the discretion to conclude that his explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" Id.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> R. Civ. P. 11(c).  Although *pro se* pleadings
> are held to a less stringent standard than
> pleadings drafted by attorneys, a plaintiff's
> *pro se* status will not excuse mistakes
> regarding procedural rules. McNeil v. United
> States, 508 U.S. 106, 113 (1993).

Id. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

Plaintiff has not explained his failure to identify his prior federal cases.  Rather, he merely asked to be excused for failing to do so (Doc. 7).  The Court finds that Plaintiff's failure to disclose his previous lawsuit, under penalty of perjury, constitutes an abuse of the judicial process.  An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice to refiling his claims in a sworn complaint that truthfully discloses his filing history. Id. Plaintiff is cautioned that a dismissal without prejudice does not extend any applicable statute of limitation.

Accordingly, it is hereby **ORDERED**:

1.   This case is **DISMISSED without prejudice**.  Such dismissal counts as a "strike" for the purposes of the three-strikes provision of 28 U.S.C. § 1915(g).

2.    The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

DONE and **ORDERED** in Fort Myers, Florida on this ___29th___ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Albert Thomas